Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5220 | **DATE** | 1/6/2005 |
| **CASE TITLE** | Foster vs. Deluca | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion, defendants' motion to dismiss is granted in its entirety and defendants' motion to strike is denied as moot. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 0 7 2005 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | 11 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | 2005 JAN -6 PM 3:51 date mailed notice | |
| | | Date/time received in central Clerk's Office  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stacie Foster, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 5220 |
| | ) | |
| Anthony Deluca and City of | ) | |
| Chicago Heights, a municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss and motion to strike. For the reasons stated below, we grant the motion to dismiss and deny the motion to strike as moot.

**BACKGROUND**

Plaintiff Stacie Foster ("Foster") began working for Defendant City of Chicago Heights ("City") in 1997 and in 2000 she became the City's Health Insurance Coordinator. Foster claims that after City Mayor Angelo Ciambrone decided not to run for re-election, Foster worked in the mayoral campaign of Democrat Ms. Paulnita Rees ("Rees"). Foster claims that the Republican candidate,

1

Defendant Anthony Deluca ("Deluca"), was elected mayor instead of Rees. According to Foster, a month after the election, on May 16, 2003, DeLuca's Chief of Staff, Dan Proft ("Proft") told her that her employment was being terminated because her position was being eliminated due to a new federal law relating to health information of employees. Foster claims that a week after her termination her position was offered to another person. Foster contends that Defendants discriminated against her because she supported the Democrats. She brought the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Claim Against DeLuca

DeLuca moves to dismiss the claim brought against him. The Seventh Circuit has made it clear that "[t]he doctrine of *respondeat superior* does not apply

3

to § 1983 actions. . . ." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, an individual cannot be held liable under Section 1983 in his individual capacity unless he "participated directly in the constitutional violation." *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003)(stating that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). For a supervisor to be held liable under Section 1983 for acting in his supervisory role, a plaintiff must show that the supervisor directed the constitutional deprivation or that it occurred with his "knowledge and consent." *Id.* (indicating that a plaintiff must show that the supervisor knew "about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye.").

DeLuca argues that there are no allegations that he had any personal involvement with the termination of Foster. He correctly points out that the complaint alleges only that his Chief of Staff, Proft, fired Foster. There are not even any conclusory allegations in the complaint that indicate that DeLuca directed, acquiesced in, or had knowledge of Foster's termination. As indicated above, Foster is not entitled to proceed against DeLuca merely because he is the mayor because the doctrine of respondeat superior does not apply for Section 1983 claims.

4

Foster claims that she has not alleged that DeLuca had any involvement in her termination because she "has not yet had an opportunity to depose anyone who has knowledge of the link between Mr. Proft, DeLuca's chief of staff, and DeLuca." (Ans. 3). However, a plaintiff is not entitled to pursue a claim against a defendant based solely upon mere conjecture that she may discover evidence that might implicate the defendant. A plaintiff must have some basis for an action or else it is a frivolous action. Foster theorizes that, as Chief of Staff, Proft would probably have discussed personnel decisions with DeLuca. (Ans. 4). Foster's admitted speculation concerning DeLuca's knowledge of her termination is not a sufficient basis to proceed. Foster has not alleged any sort of involvement by DeLuca in her termination directly or indirectly. Therefore, we grant DeLuca's motion to dismiss.

II. Claim Against the City

The City moves to dismiss the claim against the City. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana,* 183

F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be shown by: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). We agree with the City that Foster has failed to allege that any City policy, practice, or custom caused her termination. Even when reading the complaint in a light most favorable to Foster, the allegations indicate nothing more than that DeLuca fired her as part of a personal vendetta against her for supporting the opposing party. No policy or practice is implicated by her allegations. Foster alleges that Proft fired her, there is no allegation that he had final policy-making authority at the City. Therefore, we grant the City's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss in its entirety and deny the motion to strike as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 6, 2005

6